**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MTI DISTRIBUTING, INC.,<br>Plaintiff,<br><br>v.<br><br>EQUIPMENT & ENGINEERING CORP.<br>And DAVID KUNCL,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. **26-cv-12094** |

## VERIFIED COMPLAINT

NOW COMES the Plaintiff MTI Distributing, Inc. ("Plaintiff" or "MTI"), by and through its attorneys, Thomas G. Grace, and the Cook Group, PLLC, and complains of the Defendants Equipment & Engineering Corp. ("E&E") and David Kuncl ("Kuncl") (collectively "The Defendants"), and states as follows:

## PARTIES

1. MTI is a Minnesota corporation with its principal place of business in Brooklyn Center, Minnesota. MTI is in the business of providing landscape beautification solutions to golf courses, schools, municipalities, landscape contractors, and independent dealers. MTI sells a variety of products related to irrigation systems and landscape lighting, as well as other products and services.

2. E&E is an Iowa corporation with its principal place of business 1821 SE Miehe Drive, Grimes, Iowa 50111. E&E operates its business, at times, under the fictitious names of "T&T Irrigation" and "T&T Sprinkler Service, Inc."

3. On information and belief, Kuncl has resided at 2179 Sutton Drive, South Elgin, Kane County, IL 60177. Kuncl resided at 2179 Sutton Dr., South Elgin, Kane County, IL 60177 on August 8, 2018, when he executed the Security Agreement as the President of E&E and the

Personal Guaranty for the Security Agreement. A true and correct copy of the Security Agreement dated August 8, 2018, is attached hereto as **Exhibit 1,** and the Personal Guaranty dated August 8, 2018, is attached hereto as **Exhibit 2** (collectively referred to as "Security and Guaranty Agreements").

4. Kuncl now resides at 905 Lincoln Way, Polk City, IA 50226.

5. This court has original jurisdiction over this action pursuant to 28 U.S.C. §1132(a)(1) because diversity jurisdiction exists and the amount in controversy exceeds $75,000.

6. This Court may exercise personal jurisdiction over Defendants E&E and Kuncl consistent with the law of the State of Illinois and the Due Process Clause of the United States Constitution. At all time relevant to the formation of contracts at issue and the Defendants' performance pursuant to those contract, Kuncl, E&E's President and Registered Agent, resided at 2179 Sutton Drive, South Elgin, Kane County, IL 60177 at the time he executed the Security and Guaranty Agreements and served as the President of E&E. The Personal Guaranty lists Kuncl's address as 2179 Sutton Dr., South Elgin, Illinois 60177. On information and belief, Kuncl continued to conduct the business of E&E for many years after executing the Security and Guaranty Agreements from his residence in South Elgin.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events that give rise to this dispute occurred in this state. Kuncl, on an individual basis and as the President of E&E, accepted the loan documentation and financing from MTI in South Elgin, Illinois. After executing the Security and Guaranty Agreements, Kuncl served as President of E&E and continued to conduct E&E's business with MTI while residing in South Elgin. Kuncl remained as the primary representative contact at E&E for MTI and engaged in all

communications, ordering, and otherwise maintained E&E's business relationship with MTI while he resided in South Elgin.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

8. On or about August 8, 2018, Kuncl, as President of E&E, negotiated and executed the Security Agreement. Exh. 1. The Security Agreement provided that MTI may sell goods and personal property to E&E. The Security Agreement provided that MTI may, at its discretion, extend credit to E&E for the purchase of those goods and personal property. Exh. 1, Section One – Sales to Customer on Credit.

9. The Security Agreement provided MTI with a security interest in the property and merchandise sold by MTI to E&E is collateral for any credit extended by MTI to E&E. The collateral also includes: "accounts, equipment, goodwill, (ii) all accessions, accessories and replacements to or of the foregoing, and (iii) all accounts receivable, proceeds and products of the foregoing." Exh. 1, Section Two – Security Interest.

10. The Security Agreement also required that E&E: "5. Provide you [MTI] with financing statements at your request; 7. Keep accurate records pertaining to the collateral and provide such records for your inspection at your request; 8. Pay all your costs of creating, protecting and enforcing your security interest, if you request; 9. Provide you with periodic financial reports at your request; 10. At your request, promptly provide you with the owner(s) name(s) and legal description of any real property improved with the collateral, if the collateral is irrigation equipment and I am in the business of installing such irrigation equipment. I also recognize your right to file mechanic's liens against such real property; and 11. Pay all legal interest charged to my past due account(s)." Exh. 1, Section Six – Other Promises.

11. Section Seven of the Security Agreement sets forth the events of default, including the E&E's failure "to pay on time any amount under the credit sales to me." Exh. 1, Section Seven, ¶1.

12. Sections Eight and Nine provide the remedies available to MTI for E&E's default and include recovering any collateral by MTI, accelerating all payments due and demanding immediate repayment of the entire amount of debt owed by E&E, directing E&E's customers to make payments directly to MTI, and recovering all expenses, including reasonable attorney fees to enforce the Security Agreement and collecting the amounts owed.

13. In conjunction with the execution of the Security Agreement, Kuncl also executed a Personal Guaranty on August 6, 2018. Exh. 2.

14. The Personal Guaranty provides that Kuncl guarantees E&E's obligation to pay MTI and that MTI relied on the Personal Guaranty each time it extended credit to E&E. Exh. 2.

15. The Personal Guaranty provides that Kuncl is personally responsible for the principal amount of E&E's debt owed to MTI, as well as any interest, attorney fees, and other collection costs. Exh. 2.

16. From August 2018 until June 2026, Kuncl and E&E continued to order product and materials from MTI. In turn, MTI provided the products and materials ordered, extended credit, and invoiced E&E for the same.

17. From August 2018 until June 2026, Kuncl and E&E continued to receive product and invoices and make payments to MTI. A few of E&E's orders in May 2026 exceeded a cost of $10,000 .

18. As of July 31, 2026, E&E owed MTI $88,340.96, with interest accruing at the rate of 18% per annum. A copy of the Statement that reflects the amount due is attached hereto as **Exhibit 3**.

19. E&E's payments of MTI's statements stopped by June 2026. MTI continued to communicate with Kuncl and request payment.

20. On June 16, 2026, Kuncl sent a written message to MTI and stated that he was selling E&E's business. In the same message, Kuncl wrote, "I am still responsible for the outstanding balances with you."

21. Kuncl and E&E have failed and refused to pay the amounts owed to MTI.

22. Interest on the outstanding balance continues to accrue at the rate of 18% per annum.

23. Despite MTI's repeated demand for payment of $88,340.96 that is due and owing, E&E and Kuncl have not made a payment.

24. E&E's failure to pay $88,340.96, plus interest, which is due and owing to MTI constitutes a default by E&E under Section Seven, paragraph 1. *See* Exh. 1.

25. Kuncl is responsible for and must pay the $88,340.96 plus interest that is due and owing to MTI pursuant to the Personal Guaranty. *See* Exh. 2.

26. E&E and Kuncl are responsible for paying MTI for its attorney fees and costs to enforce the Security and Guaranty Agreements.

## **COUNT I**

*E&E's Breach of the Security Agreement*

27. MTI incorporates by reference and realleges as if the same were fully set forth herein, all allegations contained in the above paragraphs of this Complaint.

28. The Security Agreement constitutes a valid and binding contract, enforceable against E&E in accordance with its terms and conditions.

29. E&E has breached its obligations under the terms of the Security Agreement because, among other things, it has failed to make required payments to MTI.

30. Despite repeated demands from MTI made upon E&E and its President Kuncl, E&E has failed and refused to pay its obligations owed to MTI.

31. All conditions precedent to E&E's performance in making payment have been satisfied by MTI.

32. E&E continues in breach of the Security Agreement by failing to pay the entire balance due thereunder.

33. MTI has been damaged by E&E's breach of the Security Agreement in an amount not less than $88,340.96, plus additional interest continuing to accrue and MTI's attorney's fees and expenses associated with this action to enforce the Security Agreement.

WHEREFORE, Plaintiff MTI Distributing, Inc. respectfully requests that this Court enter judgment in favor of Plaintiff MTI Distributing, Inc. and against Defendant Equipment and Engineering Corporation, granting the following relief:

a. Damages in the amount of not less than $88,340.96 plus additional prejudgment interest that continues to accrue;

b. Damages in the amount of Plaintiff MTI Distributing, Inc.'s reasonable attorney fees, expenses, and other costs for its enforcement of the Security Agreement and collection of the amounts owed; and

c. Such other and further relief that the Court deems just and reasonable.

**COUNT II**

*Kuncl's Breach of the Personal Guaranty*

34. MTI incorporates by reference and realleges as if the same were fully set forth herein, all allegations contained in the above paragraphs of this Complaint.

35. Kuncl is a guarantor of the E&E's indebtedness pursuant to the Personal Guaranty whereby he unconditionally guaranteed the full and prompt payment of all obligations in favor of MTI from E&E, including E&E's obligations under the Security Agreement.

36. E&E is in default of the terms of the Security Agreement and owes MTI the amount of $88,340.96 plus additional prejudgment interest that continues to accrue, attorney fees, costs, and expenses.

37. Pursuant to the terms of the Personal Guaranty, Kuncl is personally liable for all amounts due and owing to MTI from E&E, including all accruing interest, attorneys' fees, costs, and expenses incurred by MTI in its efforts to enforce the Security Agreement and collect the amounts due.

38. Despite demand, Kuncl has failed and refused to pay the amounts due and owing by Borrower to MTI.

39. Kuncl remains in breach of the Personal Guarantee because of his failure and continued refusal to pay all amounts owed by E&E to MTI.

40. In addition, under the terms of the Guaranty, Kuncl is liable to MTI for all attorneys' fees, costs and expenses incurred by MTI to enforce the Security and Guaranty Agreements and the collection of the amounts due and owing by E&E to MTI.

41. MTI has been damaged by Kuncl's breach of the Guaranty in an amount not less than $88,340.96 plus additional prejudgment interest that continues to accrue, and MTI's attorneys' fees, costs, and expenses.

WHEREFORE, Plaintiff MTI Distributing, Inc. respectfully requests that this Court enter judgment in favor of Plaintiff MTI Distributing, Inc. and against Defendant David Kuncl, granting the following relief:

a. Damages in the amount of not less than $88,340.96 plus additional prejudgment interest that continues to accrue;

b. Damages in the amount of Plaintiff MTI Distributing, Inc.'s reasonable attorney fees, expenses, and other costs for its enforcement of the Security Agreement and collection of the amounts owed; and

c. Such other and further relief that the Court deems just and reasonable.

## COUNT III

*Kuncl's Account Stated*

42. MTI incorporates by reference and realleges as if the same were fully set forth herein, all allegations contained in the above paragraphs of this Complaint.

43. MTI, E&E and Kuncl engaged in a series of transactions that began in 2018 and continued until June 2026 that involved the sale of merchandise and equipment by MTI to E&E.

44. MTI extended financial credit to E&E pursuant to the Security Agreement for E&E's purchase of the merchandise and equipment.

45. Over the years and in connection with many transactions, MTI relied on Kuncl's promise to pay and performance of payment.

46. Over the years, and as a result of these transactions, an account was created between MTI and E&E that reflected the debits, credits and a running balance owed by E&E to MTI, and which Kuncl gave his personal guarantee to pay.

47. MTI prepared and sent a statement of E&E's account to Kuncl as the President and representative of E&E, and in his personal capacity, as the personal guarantor of E&E's financial obligations to MTI.

48. MTI provided Kuncl with a statement that detailed the amount owed to MTI as $88,340.96.

49. Kuncl expressly agreed that $88,340.96 was due and owing and that he was responsible for paying MTI that amount.

50. Kuncl has retained that statement of the amount due and owing to MTI without any objection, from which his assent may be implied.

51. A definite balance of $88,340.96 was struck and is now due and owing from Kuncl to MTI.

52. Kuncl has failed and refused to pay the $88,340.96 despite the demand.

WHEREFORE, Plaintiff MTI Distributing, Inc. respectfully requests that this Court enter judgment in favor of Plaintiff MTI Distributing, Inc. and against Defendant David Kuncl, granting the following relief:

d. Damages in the amount of not less than $88,340.96 plus additional prejudgment interest that continues to accrue;

e. Damages in the amount of Plaintiff MTI Distributing, Inc.'s reasonable attorney fees, expenses, and other costs for its enforcement of the Security Agreement and collection of the amounts owed; and

f. Such other and further relief that the Court deems just and reasonable.

**THE COOK GROUP, PLLC**

By: /s/ Thomas G. Grace
**Attorneys for Plaintiff,**
**MTI Distributing, Inc.**

Thomas G. Grace, #6210857
The Cook Group, PLLC
121 W. Wacker, Suite 1400
Chicago, Illinois 60601
Tel: 312.725.4421
tgrace@cookgrouplegal.com

**VERIFICATION**

Mary Lund, of full age, hereby verifies as follows:

1. I am the Credit Manager of the Plaintiff MTI Distributing, Inc. and I am duly authorized to execute this verification on the Plaintiff's behalf.

2. I have reviewed the foregoing Verified Complaint, and every factual allegation contained therein is true to the best of my knowledge and belief.

Under penalties as provided by law pursuant to 28 U.S. C. §1760(2), I declare under penalty of perjury that the foregoing is true and correct to the best of my belief and understanding, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

DATED: September 29, 2026.

MARY LUND

Mary Lund

Mary Lund
Credit Manager
MTI Distributing, Inc.